UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AFFORDABLE PORTABLE | § | |
| STRUCTURES, INC., and | § | |
| JFJ GROUP, INC. | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | Civil Action No. 1:16-cv-1267 |
| | § | |
| THE CINCINNATI INSURANCE, | § | |
| COMPANY and ALFRED GRAY, | § | |
| | § | |
| Defendants | § | |

## NOTICE OF REMOVAL BY DEFENDANT
## THE CINCINNATI INSURANCE COMPANY

Defendant, Cincinnati Insurance Company ("Cincinnati") desires to exercise its right under the provisions of Title 28 U.S.C. § 1441, *et seq*., to remove this action from the 200th Judicial District Court of Travis County, Texas, in which said cause is now pending under Cause No. D-1-GN-16-005273; *Affordable Portable Structures, Inc., and JFJ Group, Inc. v. The Cincinnati Insurance Company, and Alfred Gray.* In support of its request to remove this action, Cincinnati states as follows:

1.      This action is removable because (i) there is complete diversity of citizenship between the plaintiff and the parties properly joined as defendants, and (ii) the damages alleged are in excess of $75,000.00. Accordingly, this matter is within the original jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332.

2.      On October 19th, 2016, Plaintiff filed an action styled Cause No. D-1-GN-16-005273; *Affordable Portable Structures, Inc., and JFJ Group, Inc. v. The Cincinnati Insurance Company, and Alfred Gray;* in the 200th Judicial District Court of Travis County, Texas.

3.      The Petition was received by Cincinnati Insurance Company on November 3rd, 2016, and received by Alfred Gray on November 4th, 2016.  This Notice of Removal is filed timely under 28 U.S.C. § 1446(b).

4.      The Petition names two defendants.  The first named defendant is the Cincinnati Insurance Company.  Cincinnati is incorporated in the state of Ohio, with its principal place of business in Fairfield, Ohio.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), Cincinnati is a citizen of Ohio.

5.      The second named defendant is the individual Alfred Gray.  Mr. Gray is an adjuster employed by Cincinnati, residing in the Austin, Texas area.  There is no reasonable basis in fact or law to support a claim against Mr. Gray, and thus, Mr. Gray has been fraudulently joined as a defendant.  *In re Prempro Prods. Laib. Litig. 591 F.3d 613, 620 (8th Cir. 2010); Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004).  The plaintiff is unable to establish a cause of action against Gray under the facts pled in this case.[1]   He has been joined solely for the purpose of defeating the diversity jurisdiction of this Court.

6.      The plaintiffs are Affordable Portable Structures, Inc. and JFJ Group, Inc.  The plaintiffs are Texas for-profit corporations with their principal places of business in Austin, Texas.  There is no indication that either Plaintiff is a resident of any jurisdiction other than Texas.

---

[1] A plaintiff must do more than simply allege legal conclusions and recite elements of causes of action.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 578 n.3 (2007).  Allegations that are merely consistent with unlawful conduct are insufficient, the facts pleaded must suggest liability.  *Id.* at 566-69.  Examples of cases in which the courts ruled that the improper joinder of an insurance adjuster or other representative or employee of an insurance company was improper (fraudulent) are: *Griggs v. State Farm Lloyds,* 181 F.3D 694 (5th Cir. 1999); *Caravan Inn, LLC v. Acceptance Indemnity Insurance Co.,* 4:15-CV-944-A, (N.D. Tex. Jan 28, 2016); *Fernandez v. Allstate fire and Casualty Ins. Co.,* No. 3:15-CV-2689, 2015 WL 6736675 at *4 (N.D. Tex. Nov. 4, 2015); *Okenkpu v. Allstate Tex. Lloyds,* No. H-11-2376, 2012 WL 1038679 (S.D. Tex. Mar. 27, 2012).  Here, the factual allegations are insufficient to support a cause of action in addition to the fact that many of Plaintiff's allegations impose duties upon Mr. Fitzgerald which do not exist (i.e. the requirement to pay pursuant to the contract).

7.     Generally, the amount in controversy in a given action is determined from the Complaint itself, unless it appears that the amount stated in the Complaint is not claimed in good faith. *See Horton v. Liberty Mutual Insurance Co.,* 367 U.S. 348, 353 (1961). When the complaint does not include the amount of damages sought, a defendant may prove the amount exceeds $75,000 in one of several ways: (i) by showing that it is facially apparent from the Petition that the claims are more than $75,000, or (ii) by setting out facts supporting a finding that the amount in controversy has been met. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). It is the sufficiency of jurisdictional facts supporting removal *at the time the case is removed* that are key to the analysis. *Gebbia v. WalMart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

8.     In this case, Plaintiff specifically alleges that it seeks "the cost to repair its property in the amount of $698,111.69" plus additional damages, exemplary damages, and attorneys' fees. Therefore, it is facially apparent from the Petition that the claims are more than $75,000. As such, federal diversity jurisdiction exists. Defendant is entitled to remove this case pursuant to 28 U.S.C. §§ 1332 and 1441.

9.     This action should be removed to this Court pursuant to 28 U.S.C. § 1441 inasmuch as there is complete diversity of citizenship between the plaintiffs and the parties properly joined as defendants, and the judgment value of damages sought by plaintiff is in excess of the jurisdictional limit.

10.    Defendant is filing with this Notice of Removal the following:

(1)     A completed civil cover sheet and supplemental civil cover sheet;

(2)     An index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

(3)     A copy of the docket sheet in the state court action;

(4)     Each document filed in the state court action, tabbed and arranged in chronological order;

(5)     A separately signed certificate of interested persons;

(6)     Consent to Removal.

11.     Defendant has given or is in the process of giving notice of the filing of this Notice of Removal to the State Court and to the Plaintiff.

12.     Defendant respectfully requests that this Court take jurisdiction in this civil action to its conclusion to the exclusion of any further proceedings in the State Court in accordance with federal law.

WHEREFORE, CINCINNATI INSURANCE COMPANY respectfully requests that this Court remove this action from the 200th Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

   /s/ *William J. Eggleston*
William J. Eggleston Attorney-in-Charge
State Bar No.06483500
Federal Bar No. 1989
**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
713/659-5100 - Telephone
713/951-9920 - Facsimile
wje@egglestonbriscoe.com

ATTORNEY-IN-CHARGE FOR CINCINNATI INSURANCE COMPANY

OF COUNSEL:

William J. Eggleston, IV
State Bar No. 24063853
will@egglestonbriscoe.com

4

EGGLESTON & BRISCOE, LLP
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
713.659.5100
713.951.9920 – fax


## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of Defendants' Notice of Removal has been served on the following counsel of record via any method that is in compliance with the Federal Rules of Civil Procedure on this the 2nd day of December 2016:

Robert W. Loree
**LOREE & LIPSCOMB**
The Terrace at Concord Park
777 E. Sonterra Blvd., Suite 320
San Antonio, Texas 78258

By:   /s/ *William J. Eggleston*
William J. Eggleston