Tab 4

Case 1:16-cv-01267-RP   Document 1-4   Filed 12/02/16   Page 2 of 14

10/19/2016 4:57:13 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-005273
Ruben Tamez

CAUSE NO. D-1-GN-16-005273 _____

| | | |
|---|---|---|
| AFFORDABLE PORTABLE STRUCTURES, INC. and JFJ GROUP, INC. | § § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | |
| v. | § § | 200TH ____ JUDICIAL DISTRICT |
| THE CINCINNATI INSURANCE COMPANY and ALFRED GRAY | § § § § | |
| Defendants | § | TRAVIS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Affordable Portable Structures, Inc. and JFJ Group, Inc., file this original petition complaining of Defendants, The Cincinnati Insurance Company and Alfred Gray, in which Plaintiffs are seeking monetary relief over $200,000, but not more than $1,000,000, and would show this honorable court as follows:

### I. Parties, Venue, and Discovery Level

Plaintiffs, Affordable Portable Structures, Inc. and JFJ Group, Inc., are Texas companies and insureds of The Cincinnati Insurance Company. They are located at 10500 North Interstate 35, Austin, Texas 78753-3711.

Defendant, The Cincinnati Insurance Company (hereafter "Cincinnati"), is a foreign insurance company doing business in Texas and can be served by serving its registered agent for service National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Defendant, Alfred Gray (hereafter "Gray"), is a Texas resident who can be served at his residence at 1161 Stone Forest Trial, Round Rock, Texas 78681-2269.

The venue of this case is proper in Travis County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiffs intend to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants or their agents, officers, servants, employees, or representatives did such act or thing. They were also done with the full authorization or ratification of Defendants or done in the normal routine, course, and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

## IV. Facts of the Case

Plaintiffs purchased property insurance from Cincinnati to cover Plaintiffs' buildings located at 100500 N. Interstate, Austin, Texas 78753 during the policy period of November 15, 2014 to November 15, 2015 (Policy No. EPP0112291). On or about May 23, 2015, during the subject policy period, a tornado/windstorm caused substantial damage to Plaintiffs' two buildings. Plaintiffs reported this loss to Cincinnati and its agents, who assigned this loss the claim number of 2448729.

Cincinnati assigned its adjuster, Alfred Gray, to investigate the loss and adjust the claim. Plaintiffs believe that Cincinnati hired Mr. Gray because Cincinnati knows that he is biased for insurance companies and will give the insurer favorable, result-oriented investigations, reports, and estimates on which the insurer can either deny or low-ball an insured's claim. For this loss, Plaintiffs hired a Texas licensed public adjuster and loss consultant, Jason Fulgham, to assist Plaintiffs with their insurance claim.

Thereafter, Cincinnati and its adjuster Gray hired engineers, Robert W. Baldinger and Mickey D. Parker of Rimkus Consulting Group, Inc. (hereinafter "Rimkus"), to investigate and report on the windstorm and tornado damage to Plaintiffs' property. Plaintiffs also believe that

Cincinnati and Mr. Gray hired Mr. Baldinger, Mr. Parker, and Rimkus because they know that they are biased for insurance companies and will give them favorable, result-oriented reports on which they can either deny or low-ball claims for damage from windstorm and tornado to an insured's property.

True to form, in a June 30, 2015 report, Mr. Baldinger, Mr. Parker, and Rimkus concluded that: (1) High winds related to the tornado on May 23, 2015 did not cause material damage to the CP warehouse building located at the south side of the property; (2) High winds only caused material damage to Plaintiffs' warehouse building in and around the central façade bump out and to the ridge vent at the front of the building; (3) The framing, wall and roof panels, and the overhead doors were not damaged by high winds during the tornado event; (4) There was no changes in the plumb conditions of the building framing around the perimeter in either building related to the tornado; (5) The only interior water damage attributable to new openings caused by the tornado is the water damage at the front of Plaintiffs' building in the vicinity of the bump-out throughout the height of the building; and (6) The leaks through the roofs of both buildings were the result of heavy rainfall entering the roof through pre-existing openings in the roof. In this respect, Mr. Baldinger and Mr. Parker did not properly inspect nor report on the subject roofs and again made biased, result-oriented conclusions to assist Cincinnati and its adjusters in low-balling an insured's claim.

As a result, through its public adjuster, Plaintiffs retained an engineer, James D. Dixon of Dixon & Associates, to investigate and report on the damage to the Affordable Portable's buildings. In a December 31, 2015 report, Mr. Dixon found substantial damage to Plaintiffs' from the subject tornado/windstorm. More specifically, he found that due to the tornado, the buildings' frames were not plumb, panels and rakes were misaligned, and screws were missing and loose, all of which caused interior water damage to the buildings. Mr. Dixon recommended that Plaintiffs' warehouse and other building be repaired to re-plumb and straighten the buildings to re-establish the structural integrity of the buildings through removal and replacement of many of

3

the buildings' components. In addition, shoring up of the building frames will be required during the removal and repair process.

Mr. Fulgham then hired a loss consultant, Larry Sanford of JL Consultants, to estimate the cost to properly repair the storm/tornado damage to Plaintiffs' property. Mr. Sanford estimated that the cost to properly repair the tornado and storm damage to Plaintiffs' property at $698,111.69. This estimate included all areas of damage from the subject storm, code compliance charges, and overhead and profit charges. It is based on giving Plaintiffs like kind and quality for the damage to the property from the subject tornado/windstorm of May 23, 2015.

As an experienced adjuster, Mr. Gray either knew or should have known that Mr. Baldinger, Mr. Parker, and Rimkus had prepared a result-oriented report that misidentified the damage at Plaintiffs' property to assist them in low-balling the claim. Nevertheless, based on this biased and unsubstantiated report, Mr. Gray prepared an estimate for all the damage to the roofs identified by Mr. Baldinger, Mr. Parker, and Rimkus at an actual cash value of $25,935.38. By this conduct, Cincinnati and Mr. Gray refused to properly pay a claim without conducting a reasonable investigation of that claim in violation of Section 541.060 of the Texas Insurance Code. They also violated Section 541.060 by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim on which their liability had become reasonably clear.

To date, Cincinnati and its adjusters have failed to pay Plaintiffs for the proper repair of the tornado/windstorm damage to Plaintiffs' property. By this conduct, Cincinnati and Mr. Gray refused to properly pay a claim without conducting a reasonable investigation of that claim in violation of Section 541.060 of the Texas Insurance Code. They also violated Section 541.060 by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim on which their liability had become reasonably clear.

### VII.  Causes of Action for Violation of Chapter 542 of the Insurance Code

Cincinnati and its adjuster's conduct that is described in this petition violate Chapter 542

of the Texas Insurance Code. Within 15 days after the receipt of either actual or written notice of Plaintiffs' damage claim, Defendant, Cincinnati, did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for their claim. As a result, Cincinnati has violated Chapter 542 by failing to accept or reject Plaintiffs' claim in writing within 36 days after receiving either actual or written notice of its claim. Cincinnati has also violated Section 542.058 by failing to pay Plaintiffs' claim within 75 days after they received either actual or written notice of the claim or within 60 days after any other applicable statutory period. In the event it is determined that Cincinnati owes Plaintiffs any additional monies, then Cincinnati has automatically violated Chapter 542 of the Texas Insurance Code.

## VIII. DTPA Causes of Action

Plaintiffs incorporate all the allegations in this petition for these causes of action against Defendants, Cincinnati and Alfred Gray, under the provisions of the DTPA. Plaintiffs have met all conditions precedent to bringing these causes of action against Defendants Cincinnati and Mr. Gray. Specifically, these Defendants' violations of the DTPA include, without limitation, the following matters:

A. By their acts, omissions, failures, and conduct that are described in this petition, Defendants Cincinnati and Alfred Gray have violated Sections 17.46(b)(5), (7), (12), and (20) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claims, (2) their failure to properly investigate Plaintiffs' claim, (3) their hiring of biased adjusters and consultants to obtain result-oriented reports and estimates to assist the insurer in low-balling Plaintiffs' insurance claim, and (4) their failure to pay for the proper repair of Plaintiffs' property on which Defendants' liability had become reasonably clear;

B. As described in this petition, Defendants represented to Plaintiffs that the subject insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(5) of the DTPA;

C. As described in this petition, Defendants represented to Plaintiffs that the subject insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

5

D. As described in this petition, Defendants represented to Plaintiffs that the subject insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) if the DTPA;

E. By representing that Defendants would pay to repair the damages caused by the windstorm/tornado and then not doing so, Defendants have violated Sections 17.46(b)(5), (7), and (12) of the DTPA;

F. Defendants have breached an express warranty that the damage caused by windstorm/tornado would be covered under the subject insurance policy. This breach entitles Plaintiffs to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

G. Defendants' actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

H. Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiffs' damages that are described in this petition.

## IX. Causes of Action for Unfair Insurance Practices

Plaintiffs incorporate all the allegations in this petition for these causes of action against Defendants Cincinnati and Alfred Gray under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing these causes of action. By their acts, omissions, failures, and conduct, Defendants Cincinnati and Alfred Gray have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus these Defendants' failures to properly investigate Plaintiffs' claims. They also include Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and their failure to pay for the proper repair of Plaintiffs' property on which their liability had become reasonably clear. They further include Defendants' hiring of biased adjusters to obtain result-oriented reports and estimates to assist the insurer in low-balling

Plaintiffs' insurance claim. In addition, Defendants failed to look for coverage and give Plaintiffs the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim on which Defendants' liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F. Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

Cincinnati and Alfred Gray have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

## X. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Cincinnati has breached the common law duty of good faith and fair dealing by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' claim because Cincinnati knew or should have known that it was reasonably clear that the claim was covered. This conduct of Cincinnati is the proximate cause of Plaintiffs' damages.

## XII. Waiver and Estoppel

Defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters

previously sent to Plaintiffs.

## XIII. Damages

The above described conduct of Defendants has caused Plaintiffs damages, which include, without limitation, the cost to properly repair its property in the amount of $698,111.69 and other consequential damages due to the delays in the processing and payment of Plaintiffs' storm damage claim. Plaintiffs are also entitled to recover the amount of their claim plus an eighteen percent per annum interest on that amount against Cincinnati as damages under Section 542.060 of the Texas Insurance Code. All the damages described in this petition are within the jurisdictional limits of the Court.

## XIV. Additional Damages

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiffs are entitled to additional damages under Section 17.50(b)(1) of the DTPA and by Chapter 541 of the Texas Insurance Code.

## XV. Exemplary Damages

Cincinnati's breach of the duty of good faith and fair dealing owed to Plaintiffs was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Cincinnati are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Cincinnati for its wrongful conduct and to set an example to deter these Defendant and others similarly situated from committing similar acts in the future.

## XVI. Attorney's Fees

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay

reasonable attorney's fees. Plaintiffs are entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code; Chapters 541 and 542 of the Texas Insurance Code; and Section 17.50 of the DTPA.

### XVII. Rule 194 Requests for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request a trial by jury and also request that Defendants be cited to appear and answer, and on final hearing, the court award Plaintiffs a judgment against Defendants for the following:

1. Actual, economic, additional, and exemplary damages in an amount within the jurisdictional limits of the court;
2. Reasonable attorney's fees through trial and on appeal;
3. Pre-judgment and post-judgment interest as provided by law;
4. Costs of court; and
5. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

*Loree & Lipscomb*
The Terrace at Concord Park
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile: (210) 404-1310

By: _____
Robert W. Loree
State Bar No. 12579200
rob@lhllawfirm.com

Attorney for Plaintiffs

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED: AFFORDABLE PORTABLE STRUCTURES, INC. AND JFJ GROUP, INC. V. THE CINCINNATI INSURANCE COMPANY AND ALFRED GRAY
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

### 1. Contact information for person completing case information sheet:

Name: Robert W. Loree
Email: rob@lhllawfirm.com
Address: 777 E. Sonterra Blvd., Ste. 320
Telephone: 210-404-1330
City/State/Zip: San Antonio, Texas 78258
Fax: 210-404-1310
Signature: [signed] Robert W. Loree
State Bar No: 12579200

### Names of parties in case:
Plaintiff(s)/Petitioner(s): Affordable Portable Structures, Inc. and JFJ Group, Inc.

Defendant(s)/Respondent(s): The Cincinnati Insurance Company and Alfred Gray
[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent: _____
Non-Custodial Parent: _____
Presumed Father: _____

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

**Civil**

**Contract — Debt/Contract**
- [x] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

**Family Law — Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

Unofficial copy Travis Co. District Clerk Velva L. Price

11/28/2016 4:39:43 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-005273
Sandra Henriquez

CAUSE NO. D-1-GN-16-005273

| | | |
|---|---|---|
| AFFORDABLE PORTABLE STRUCTURES, INC. and JFJ GROUP, INC. | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs* | § § | |
| V. | § § | TRAVIS COUNTY, TEXAS |
| THE CINCINNATI INSURANCE COMPANY and ALFRED GRAY | § § § | |
| *Defendants* | § | 200TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, THE CINCINNATI INSURANCE COMPANY and ALFRED GRAY, Defendants in the above-entitled and numbered cause, and file this, its Original Answer to Plaintiffs' Original Petition, and as grounds therefore would respectfully show the Court as follows:

### I.
### General Denial

1.   Subject to such stipulations and/or admissions that may hereinafter be made, THE CINCINNATI INSURANCE COMPANY and ALFRED GRAY, Defendants enter this general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying every allegation contained in Plaintiffs' Original Petition and demanding strict proof thereof as required by laws of the State of Texas.

### II.
### Right to Amend

2.   THE CINCINNATI INSURANCE COMPANY and ALFRED GRAY, Defendants reserve the right to amend its answer and defenses herein as such become available.

1

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, THE CINCINNATI INSURANCE COMPANY and ALFRED GRAY, move that the relief prayed for in Plaintiffs' Original Petition in the above-styled and numbered cause be denied, that Plaintiffs take nothing herein, and that Defendants go hence without delay, with recovery of its costs and attorneys' fees, and with such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 – Telephone
(713) 951-9920 – Facsimile

By: /s/ *William J. Eggleston IV*
    William J. Eggleston
    State Bar No. 06483500
    wje@egglestonbriscoe.com
    William J. Eggleston IV
    State Bar No. 24063853
    will@egglestonbriscoe.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of Defendants' Original Answer has been served on the following counsel of record via any method that is in compliance with the Texas Rules of Civil Procedure on this the 28th day of November 2016:

Robert W. Loree
**LOREE & LIPSCOMB**
The Terrace at Concord Park
777 E. Sonterra Blvd., Suite 320
San Antonio, Texas 78258

          By:  /s/ *William J. Eggleston IV*
             William J. Eggleston IV